UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LESLEY SHINER,

                              Plaintiff,

              v.                                    DECISION AND ORDER
                                                    11-CV–01024

STATE UNIVERSITY OF NEW YORK,
UNIVERSITY AT BUFFALO,
DR. JUDE A. FABIANO, ASSOCIATE DEAN,
OFFICE OF CLINICAL AFFAIRS

                              Defendants.

## INTRODUCTION

Plaintiff Lesley Shiner ("Plaintiff" or Shiner") commenced this employment discrimination action against the State University of New York, University at Buffalo ("SUNY") and Dr. Jude Fabiano ("Fabiano").  Shiner, a clerk within the instrument management services department at University at Buffalo Dental School, alleges that Fabiano, the former Associate Dean for Clinical Affairs, subjected her to sexual comments, unwanted sexual advances and sexual assaults at the 2010 department Christmas party.  Plaintiff sued SUNY and Fabiano for sexual harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §200e, *et seq*.  She also asserted various other federal and state law claims against Fabiano only.

SUNY has moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  SUNY argues that based upon the allegations in Plaintiff's complaint and the affirmative defense set forth by the Supreme Court in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and its progeny, it cannot be held liable under Title VII.  For the reasons that follow, Defendant SUNY's motion to dismiss is denied.

## PROCEDURAL HISTORY

Plaintiff filed her initial complaint on December 1, 2011.  Therein, she alleged sexual harassment under Title VII and the New York State Human Rights Law, discrimination pursuant to Section 1983 of Title 42 of the United States Code, and common law claims of assault and battery.[1]  On April 2, 2012, SUNY filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  SUNY argued, among other things, that it could not be liable for Plaintiff's state law claims due to the State of New York's Eleventh Amendment immunity.  On May 14, 2012, Plaintiff filed an amended complaint.  On that same day, SUNY and Plaintiff filed a joint stipulation stating that in light of the amended complaint, they agreed to treat SUNY's initial motion to dismiss as moot.

---

[1] Plaintiff's initial complaint listed each cause of action separately but failed to specify the Defendant or Defendants each cause of action was being asserted against.  Therefore, it was unclear as to which cause of action applied to which Defendant.

Plaintiff's amended complaint asserts causes of action against Defendant Fabiano for sexual harassment under Title VII and discrimination under Section 1983, as well as common law claims of assault and battery.  The only claim asserted against SUNY in the amended complaint is sexual harassment under Title VII.  On May 24, 2012, SUNY renewed their motion to dismiss, arguing that the allegations in Plaintiff's complaint, taken as true, fail to state a viable claim against SUNY under Title VII.[2]

## ALLEGED FACTS

Shiner began working as a clerk within the instrument management services department of the University at Buffalo Dental School ("UB Dental School") in August of 1998.[3]  Fabiano served as Associate Dean for Clinical Affairs at UB Dental School.  Steve Colombo was the Director of Clinical Operations.  Both men had supervisory authority over Shiner although she did not report directly to either of them.

---

[2]Plaintiff argues that SUNY is precluded from making a second motion to dismiss pursuant to the "omnibus requirements" of Federal Rule of Civil Procedure ("FRCP") 12(g).  However, a motion to dismiss under FRCP 12(b)(6) falls under an exception to the omnibus motion rule in FRCP 12(g)(2).  Because that exception is clear and prevents a plaintiff from intentionally filing a defective complaint in order to prompt a motion to dismiss in the expectation that a later-filed amended pleading will be beyond the Court's scrutiny under Rule 12(b)(6), plaintiff's counsel's argument is troubling to the Court.  Moreover, upon the filing of the amended complaint in this case, the parties stipulated and agreed that the original motion to dismiss was mooted by plaintiff's amendment of the complaint as of right.  Therefore, the instant motion to dismiss is procedurally correct and will be considered on its merits.

[3]The facts set forth herein reflect the allegations in Plaintiff's amended complaint.  All well-pleaded allegations are accepted as true for the purposes of this motion to dismiss, but do not constitute the findings of the Court.  *See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).*

The UB Dental School holds an annual department Christmas party for staff.  The party is organized by Colombo and funded by the UB Foundation.  At the 2008 and 2009 department Christmas parties, Colombo and Fabiano made sexually inappropriate and sexually explicit comments in front of staff members, including Shiner.  Upon receiving an email invitation to the 2010 department Christmas party, Shiner informed her direct supervisor, Patricia Sellick, that she did not want to attend the party because of the "sexual and verbal abuse" that had occurred at previous department Christmas parties.

The Christmas party was held on December 21, 2010 at a local bar.  Despite her complaints with respect to the tenor of the previous Christmas parties, Shiner attended.  She was seated near Fabiano and Colombo.  Over the course of the party, Colombo and Fabiano made inappropriate and sexually explicit remarks, comments and gestures.  Fabiano made unwelcome sexual advances to Shiner and another staff member, and sexually assaulted Shiner.  The most egregious acts committed by Fabiano included: (1) fondling Shiner's breasts; (2) placing his mouth on Shiner's ear and inserting his tongue in her ear; (3) chasing Shiner around a table (4) grabbing Shiner and Jackie Haefner, another female staff member, by their necks and "bending them over a table" in front of other staff members; (5) pushing Shiner and Haefner's faces together and instructing them to kiss, stating that he wanted some "girl on girl" action, and telling Shiner and Haefner that he wanted the three of them to be together

4

sexually; (6) pulling Shiner on his lap and asking Shiner to meet him somewhere after the party; and (7) forcefully pinching and squeezing Shiner's ribs when she did not submit to his advances.  The majority of this conduct occurred in front of Sellick, Shiner's direct supervisor, Colombo, and other department employees.

It appears that Fabiano was the primary aggressor against Shiner. However, Colombo encouraged and cheered much of Fabiano's behavior.  At one point during the party, Colombo grabbed Shiner's hand and pulled her onto his lap, stating to Fabiano "you might be the boss, but I have her now."

The following day, Shiner told a number of her co-workers as well as Sellick that she was extremely upset about what had occurred at the party, and specifically that Fabiano propositioned her, humiliated her, and hurt her.  Sellick told Shiner to "do something about it", to which Shiner replied, "you are the one who's supposed to do something."

At some point after the December 2010 party, although it is unclear when, Shiner filed a complaint with the University at Buffalo Employee Relations Office. On March 3, 2011, Michael Glick, Dean of UB Dental School, informed Fabiano that his current term appointment would end on March 12, 2012.  On March 7, 2011, Sarah Augustynek, Assistant Director of Employee Relations, advised Fabiano that he was suspended without pay as a result of his conduct at the Christmas party.  In accordance with the terms of his union contract, Fabiano was

issued a formal notice of discipline on March 8, 2011.[4]  Based upon the

allegations in the complaint, it is unclear how long the suspension lasted or what,

if any, additional contractual disciplinary proceedings occurred with respect to

Fabiano.  According to Plaintiff's complaint, no disciplinary action has been taken

against Colombo.

## **DISCUSSION**

When ruling on a motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6), the Court must "accept all of the plaintiff's factual allegations

in the complaint as true and draw inferences from those allegations in the light

most favorable to the plaintiff."  *Starr v. Georgeson S'holder, Inc.*, 412 F.3d 103,

109 (2d Cir. 2005).  A complaint should be dismissed only if it fails to contain

enough allegations of fact to state a claim for relief that is "plausible on its face."

*Bell Atl. Corp. V. Twombly*, 550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009).  In considering a motion to dismiss, "the issue is not

whether a plaintiff will ultimately prevail but whether the claimant is entitled to

offer evidence to support the claims."  *Todd v. Exxon Corp.*, 275 F.3d 191, 198

(2d Cir. 2011).

Here, Plaintiff alleges that SUNY subjected her to a hostile work

environment under Title VII.  SUNY argues that Plaintiff's claim should be

---

[4]The notice of discipline was issued pursuant to Article 19 of the 2007-2011 Agreement between the State of New York and the United University Professions.

dismissed since it is clear, from the face of the complaint, that SUNY is exempt from liability based upon the affirmative defense set forth by the Supreme Court in *Faragher v. Boca Raton* and its progeny. As outlined below, SUNY's motion to dismiss based upon the affirmative defense is pre-mature and will be denied without prejudice for renewal later in the litigation.

In order to state a cause of action for hostile work environment discrimination under Title VII, Shiner must allege: (1) that her workplace was permeated with conduct that was "sufficiently severe or pervasive to alter the conditions of her work environment"; and (2) "a specific basis exists for imputing the conduct that created the hostile environment to [her] employer." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007).  The first element of a hostile work environment claim requires that the plaintiff's allegations demonstrate that the environment was both subjectively and objectively hostile.  *See Gregory v. Daly* 243 F.3d 687, 691-92 (2d Cir.2000).

Although "isolated, minor episodes of harassment do not merit relief under Title VII", the Second Circuit has made clear that "even a single episode of harassment, if severe enough, can establish a hostile work environment." *Torres v. Pisano*, 116 F.3d 625, 632-33 (2d Cir. 1997).  Indeed, single instances of unwelcome touching or sexual assaults are often sufficient to support a *prima facie* claim of sexual harassment.  *See e.g., Tomka v. Seiler Corp.*, 66 F.3d 1295, 1305 (2d Cir. 1995) (case law is clear that "even a single incident of sexual

7

assault sufficiently alters the conditions of the victim's employment and clearly
creates an abusive work environment"); *Wahlstrom v. Metro-North Commuter
R.R.*, 89 F. Supp. 2d 506, 511 (SDNY 2000) (single incident where co-worker
approached plaintiff, embraced her and slapped her buttocks sufficient to defeat
motion for summary judgment on hostile work environment claim because
"physical contact between the parties was neither harmless nor accidental");
*Yaba v. Roosevelt*, 961 F. Supp. 611, 620 (SDNY 1997) (denying motion to
dismiss hostile work environment claim based on one event, because plaintiff
alleges a "serious incident of sexual harassment [that]...if credited by a jury, could
be judged sufficient to have created a hostile or offensive working environment").

Plaintiff's complaint alleges that Fabiano subjected to her to lewd sexual
comments and advances, grabbed her breasts, chased her around a table,
inserted his tongue in her ear, and forcefully pinched her ribs when she refused to
submit to his requests.  These egregious acts took place at an employer-funded
party, in front of Plaintiff's colleagues, while another one of Plaintiff's supervisors
laughed and cheered Fabiano's behavior.  Based upon the Second Circuit
precedent discussed above, Plaintiff's allegations, if true, are plainly sufficient to
state a claim for hostile work environment harassment.

In addition to establishing that she was subjected to a hostile work
environment, Plaintiff must also establish that the conduct which created the
hostile environment should be imputed to the employer.  *Leopold v. Baccarat*,

Inc., 239 F.3d 243, 245 (2d. Cir. 2001).  When the alleged harasser holds a

supervisory position over a plaintiff, his or her conduct is automatically imputed to

the employer unless the employer is able to successfully raise an affirmative

defense that examines the reasonableness of the conduct of both the employer

and the employee.  *Id*. at 245.  This defense, set forth by the Supreme Court and

deemed the *Faragher/Ellerth* affirmative defense, requires proof of the following

two elements: (1) "the employer exercised reasonable care to prevent and correct

any harassing behavior", and (2) "the plaintiff employee unreasonably failed to

take advantage of any preventive or corrective opportunities provided by the

employer to avoid harm otherwise".  *Faragher v. City of Boca Raton*, 524 U.S.

775, 807 (1998); *Burlington Industries v. Ellerth*, 524 U.S. 742, 765 (1998).

    The *Faragher/Ellerth* affirmative defense is not available when the alleged

perpetrator of the harassment holds a sufficiently high position within

management to be considered the employer's proxy, such that his or her actions

are automatically imputed to the employer.  *See Townsend v. Enterprises, Inc*.,

679 F.3d 41 (2d Cir. 2012) (the *Faragher/Ellerth* affirmative defense is

unavailable when the supervisor in question is the employer's proxy or alter ego);

*Faragher*, 524 U.S. at 789-90 (presidents, owners, proprietors, partners,

corporate officers, and supervisors with a high position in the management

hierarchy are the types of officials who can be considered an organization's alter

ego).

SUNY argues that the allegations in Plaintiff's complaint demonstrate that both elements of the *Faragher/Ellerth* defense have been satisfied and therefore the claim against the school must be dismissed.  Plaintiff maintains that the *Faragher/Ellerth* defense does not apply here, since Fabiano is sufficiently high ranking in the organization to be considered SUNY's proxy or alter ego.  SUNY contends that Fabiano, an assistant dean of the UB Dental School, does not occupy a sufficiently high position within the SUNY management system as a whole to be considered a proxy or alter ego of SUNY.  In evaluating SUNY's motion to dismiss, the Court does not reach this argument  Even if SUNY is correct and Fabiano is not SUNY's proxy or alter ego, dismissal of Plaintiff's claims would still be improper since there is insufficient evidence before the Court, at this stage of the proceeding, to prove that SUNY exercised reasonable care and is entitled to the *Faragher/Ellerth* defense as a matter of law.

The employer bears the burden of proving the *Faragher/Ellerth* affirmative defense by a preponderance of the evidence.  *Leopold*, 239 F.3d at 245.  A party faces a significantly heightened standard to obtain judgment as a matter of law on an issue as to which that party bears the burden of proof at trial.  *Granite Computer Leasing Corp. v. Travelers Indem. Co.*, 894 F.2d 547, 551 (2d Cir. 1990) ("It is rare that the party having the burden of proof on an issue at trial is entitled to a directed verdict").  The Second Circuit has concluded that with respect to the *Faragher/Ellerth* affirmative defense, even summary judgment is

cautioned against unless "the evidence is so overwhelming that the jury could rationally reach no other result." *Fairbrother v. Morrison*, 412 F.3d 39, 53 (2d Cir. 2005).

SUNY has failed to meet this high standard.  As outlined above, in order to take advantage of the affirmative defense, SUNY must show that: (1) it took reasonable steps to prevent harassment and remedy the conduct promptly when it was brought to SUNY's attention; and (2) that the harassed employee unreasonably failed to avail themselves of SUNY's corrective or preventative opportunities.  *Ellerth*, 524 U.S. at 765.  If there exists any issue of fact as to whether an employer's action to prevent or correct harassment is effectively remedial and prompt, judgment as a matter of law is inappropriate.  *Gallagher v. Delaney*, 139 F.3d 338 (2d. Cir. 1998).

In light of the allegations set forth in the complaint which must be regarded as true, and without additional discovery and factual findings, SUNY cannot establish that it is entitled to this defense as a matter of law.  Plaintiff's complaint alleges that upon receiving an invitation to the 2010 Christmas party, she informed her supervisor that she did not want to attend because of the "verbal and sexual abuse" that had occurred at Christmas parties in years past.  This allegation is sufficient to raise a question of whether Plaintiff complained prior to the December 2010 party and whether SUNY exercised reasonable care to promptly correct the sexually harassing conduct or prevent future conduct.  *See*

11

*Prince v. Madison Square Garden*, 427 F.Supp. 2d 372, 382 (SDNY 2006) (denying employer's motion to dismiss on grounds that plaintiff failed to allege facts sufficient to support imputing liability to her employer, since there were issues of fact as to the adequacy of the employer's investigation of plaintiff's sexual harassment complaint and reasonableness of the parties' conduct); *Little v. NBC, Inc.*, 210 F. Supp. 2d 330 (SDNY 2002) (where there is evidence that plaintiffs' supervisors routinely mocked or dismissed their informal complaints of discrimination and harassment, a genuine issue of fact existed as to whether employer's policy was effective).

Furthermore, Plaintiff alleges that the harassing conduct occurred in December, and it appears that SUNY did not take any action until March. Without the benefit of additional details regarding when Plaintiff complained to UB Employee Relations, and what, if any, investigation took place in the meantime, this Court cannot evaluate the promptness and adequacy of SUNY's response. Moreover, it appears that while some action was taken against Fabiano, the length of the suspension and outcome of the formal disciplinary proceeding initiated against him are not known at this time.[5]   *See Howley v. Town of Stratford*, 217 F.3d 141 (2d Cir. 2000) (employee presented enough evidence to

---

[5]The complaint alleges that on March 3, 2011, the Dean of UB Dental School informed Fabiano that his current term appointment would end on March 12, 2012.  However, it is unclear as to whether this was because of Fabiano's behavior at the 2010 Christmas party or due to some other reason.  Since the length of Fabiano's suspension is unknown, it is also unclear as to whether Plaintiff had to continue working with Fabiano during the year remaining in his term appointment.

withstand summary judgment with respect to the second element of her hostile

work environment claim, *i.e.*, that her employer's response to her complaints was

inadequate, where employer took five weeks to mete out discipline after

employee complained of verbal abuse and discipline consisted of only a weekend

suspension).

Finally, Plaintiff alleges that she was also harassed by Colombo, that she

had previously complained about him and that no disciplinary action was taken

against him.  Without additional factual discovery, it is unknown if Colombo could

be found to have contributed to a hostile work environment and what, if any,

action SUNY took to investigate or correct his behavior.  *See Garcia v. College of*

*Staten Island*, 2012 U.S. Dist. LEXIS (EDNY 2012)(employer's motion to dismiss

based upon the *Faragher/Ellerth* affirmative defense denied, without prejudice for

renewal on a summary judgment motion, since "even assuming the Court could

view [the employer's harassment policy] on this motion and that it was in effect at

the time of these incidents, it is unclear whether the parties' actions complied with

the policy); *Gallagher*, 139 F.3d at 348-349 (vacating a district court's granting of

summary judgment where district court concluded that moving an employee's

office to a different part of the building was a prompt and adequate response to a

harassment complaint, since "a jury could disagree on how prompt, appropriate

and adequate was the response").

In sum, the facts of this case may ultimately establish that SUNY is exempt from liability based upon the *Faragher/Ellerth* affirmative defense.  However, at this stage of the litigation the Court simply does not have enough information to evaluate the merits of this defense.  The motion to dismiss is denied without prejudice with respect to SUNY's ability to assert the affirmative defense going forward in this matter.

### Conclusion

For all of the foregoing reasons, State University of New York's motion to dismiss is denied.

This case is referred to Magistrate Judge  Hon. Hugh B. Scott who is hereby designated to act in this case as follows: Pursuant to 28 U.S.C. Section 636(b)(1)(A) and (B), all pre-trial matters in this case are referred to the above-named United States Magistrate Judge, including but not limited to: (1) conduct of a scheduling conference and entry of a scheduling order pursuant to Fed. R. Civ. P. 16, (2) hearing and disposition of all non-dispositive motions or applications, (3) supervision of discovery, and (4) supervision of all procedural matters involving the aforementioned or involving the preparation of the case or any matter therein for consideration by the District Judge. The Magistrate Judge shall also hear and report upon dispositive motions for the consideration of the District Judge pursuant to 28 U.S.C. Section 636(b)(1)(B) and (C). All motions or

14

applications shall be filed with the Clerk and made returnable before the

Magistrate Judge. The parties are encouraged to consider the provisions of 28

U.S.C. Section 636(c) governing consent to either partial or complete disposition

of the case, including trial if necessary, by the Magistrate Judge. Consent forms

are available from the office of the Magistrate Judge or the office of the Clerk of

Court.


      SO ORDERED.


                                *s/ Richard J. Arcara*
                                HONORABLE RICHARD J. ARCARA
                                UNITED STATES DISTRICT JUDGE

DATED: November 2, 2012