UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LESLEY SHINER

Plaintiff,

vs.

STATE UNIVERSITY OF NEW YORK,
UNIVERSITY AT BUFFALO, AND
DR. JUDE A. FABIANO

Defendants.

_____

**STIPULATION OF
SETTLEMENT WITH RELEASE**

**Docket No: 11-CV-01024-RJA**

WHEREAS, plaintiff, Lesley Shiner, filed a complaint on or about December 1,

2011, which was amended on May 14, 2012, alleging *inter alia*, that defendants, the State

University of New York, University at Buffalo ("SUNY") and Jude A. Fabiano,

discriminated against her in violation of Title VII, 42 U.S.C.§2000e, *et seq.* and 42

U.S.C. §1983, respectively; and

WHEREAS, defendants answered the Amended Complaint and denied all

allegations of discrimination and wrong doing; and

WHEREAS, the parties are interested in resolving all issues alleged or which

could have been alleged in the complaint in the above-captioned action ("Action"), and

have negotiated in good faith for that purpose; and

WHEREAS, none of the parties to the Action is an infant or incompetent person;

and

WHEREAS, the parties to the Action are desirous of discontinuing this litigation

without the need for trial and without any admission of liability, guilt or wrongdoing on

the part of defendants;

1

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties and/or their respective counsel as follows:

1.      Plaintiff agrees to withdraw her complaint and the parties hereby agree that the Action is dismissed and discontinued with prejudice.

2.      Defendants shall pay to plaintiff the sum of $255,000, in full satisfaction of any and all claims for relief and any claims in this Action for attorneys' fees, costs and disbursements (the "Settlement Amount").  Of that sum, $65,000 will be payable as back and front pay, less any applicable withholdings and the remainder will be payable as non-economic compensatory damages.  Pursuant to a separate agreement between and among defendants, Defendant Jude A. Fabiano is personally responsible for and will contribute $40,000 of the Settlement Amount. The Settlement Amount is  inclusive of all claims for damages, fees and costs, including attorneys' fees.

3.      Payment as described above shall be made by: (1) a payroll check, payable to the plaintiff, Lesley Shiner, in the amount of $65,000, less taxes and other mandatory withholdings; and (2) a check in the amount of $190,000 payable to plaintiff's attorney. This second check shall be mailed to Lindy Korn, Esq., plaintiff's attorney, at the address below.  Upon receipt thereof, the plaintiff's attorney shall deduct therefrom any and all sums due and owing for costs, disbursements and legal fees and forward the balance to plaintiff.

4.      In consideration of the payment of the Settlement Amount as provided in paragraph #2 above, the plaintiff, Lesley Shiner, hereby releases and discharges each of the defendants, and any and all current or former employees or agents of New York State or SUNY, in their individual and official capacities, and the defendants'  heirs, executors,

agents, attorneys, family members, administrators and assigns, and the State of New York

and its agencies, including, without limitation, SUNY (collectively the "Releasees"),

from any and all claims, liabilities and causes of action asserted in, or which could have

been asserted in, this Action, or which relate to or arise out of this Action or any of the

incidents alleged in the complaint herein, whether known or unknown. Plaintiff Lesley

Shiner expressly represents and acknowledges that she may have suffered injuries or

damages that are unknown to her at present and/or that unknown complications may arise

in the future with regard to injuries and damages she now claims and that she hereby

intends to and does release and discharge the Releasees from any and all such unknown

or future complications, injuries and damages. Plaintiff further represents and warrants

that no portion of any claim, demand, liability, damage or cause of action asserted or

which could have been asserted has been assigned or transferred to any other person or

entity.

5.      Nothing in this Stipulation of Settlement shall be construed or offered into

evidence in any other proceeding as as an admission or acknowledgment of liability

and/or guilt whatsoever by any of the defendants Jude A. Fabiano or SUNY regarding

any of the allegations made by the plaintiff in her complaint and/or in her previously

brought criminal complaint against defendant Fabiano.

6.      Payment of the amounts recited in paragraph #2 above is subject to the approval

of all appropriate New York State officials in accordance with the provisions for

indemnification under Section 17 of the New York Public Officers Law.   Plaintiff and

plaintiff's counsel agree to execute and deliver to counsel for defendants all necessary or

appropriate vouchers and other documents requested with respect to such payment.

7.      Subject to the provisions of the foregoing paragraphs, in the event payments of

the amounts recited in paragraph #2 above are not made within one hundred and twenty

(120) days after the receipt by defendants' counsel from plaintiff of a copy of the fully

executed So-ordered Stipulation of Settlement as entered by the Court, interest shall

accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. § 1961

beginning on the one hundred and twenty-first day after receipt by defendants' counsel of

a copy of the fully executed So-ordered Stipulation of Settlement.

8.      This Stipulation of Settlement and any Order entered thereon shall have no

precedential value or effect whatsoever and shall not be admissible in any other action or

proceeding as evidence or for any other purpose, except in an action or proceeding to

enforce this Stipulation of Settlement.

9.      I, the attorney, for the plaintiff do hereby release and waive my lien for services

upon the above-named plaintiff's causes of action, claim, verdict, report, judgment,

determination, or settlement in favor of said plaintiff which I have thereon under and by

virtue of Section 475 of the New York Judiciary Law or otherwise.

10.     I, the attorney for the plaintiff, do further represent that there are no other

attorneys having a lien for services rendered to plaintiff pursuant to the provisions of

Section 475 of the Judiciary Law or otherwise.

11.     That prior to tendering the requisite documents for payment, that under

paragraph 6 above, any claimant who shall have become eligible within thirty months

shall have notified Medicare and obtained and submitted with the closing papers a final

demand letter for conditional payments or similar document acceptable to mediccare.  A

Medicare Set-Aside Trust may also be required if future anticipated medical cost are

4

found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26. ]

12.     Plaintiff agrees that Jude A. Fabiano, SUNY and the State of New York shall not be responsible for any liens of any kind which may have attached to the proceeds from this settlement and further both plaintiff Lesley Shiner and her attorney agree that they will defend, indemnify and hold harmless Jude A. Fabiano,  his agents, attorneys and family members, SUNY, its officers, agents and employees and the State of New York for the satisfaction of any such liens.

13.     Other than the separate agreement between and among the defendants referenced above which is not part of this Stipulation of Settlement, this Stipulation of Settlement and Order of Dismissal embodies the entire agreement of the parties in this matter and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceedings, shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

14.     In confirmation of the agreement herein, plaintiff and the undersigned attorneys for the parties to this action set their signatures below.

Dated: Buffalo, NY                              Plaintiff
       May 3 , 2013

                                                _Lesley Shiner_
                                                Lesley Shiner

Sworn to before me this
3rd day of May, 2013

_____
Notary Public        KRISTA GOTTLIEB
                Notary Public, State of New York
                      No. 30-4715637
                   Qualified in Erie County
              Certificate Filed in New York County
           My Commission Expires November 30, 2014

Dated: Buffalo, NY
      May 3 , 2013

LAW OFFICE OF LINDY KORN
Attorneys for Plaintiff
535 Washington Street
Ninth Floor
Buffalo, NY 14203

Lindy Korn, Of Counsel
716-856-5676
khovaros@yahoo.com

Dated: Buffalo, NY
      May 3, 2013

HAGERTY & BRADY
Attorneys for Defendant
Jude A. Fabiano
69 Delaware Ave.
Suite 1010
Buffalo N.Y. 14202

Michael A. Brady, Esq.
716-856-9443
mbrady@hagerty-brady.com

Dated: Buffalo, New York
      May 3 , 2013

ERIC T. SCHNEIDERMAN
Attorney General of the
 State of New York
Attorney for Defendant
State University of New York
Main Place Tower, Suite 300A
350 Main Street
Buffalo, New York 14202

George Michael Zimmermann
Assistant Attorney General
 Of Counsel
716-853-8400
George.Zimmermann@ag.ny.gov

Dated:

SO ORDERED:

Aug. 2, 2013

Hon. Richard J. Arcara
United States District Judge